IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN WILSON,

        Plaintiff,                         No. CIV 06-0830 ALA P

    vs.

C/O MARTIN, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Melvin Wilson, a pro se inmate, has brought this 42 U.S.C. § 1983 action against Defendant Correctional Officers H.L. Martin and E. Villava, and Sergeant J.E. Austin. Mr. Wilson asserts in his Complaint that Defendants violated his Constitutional rights by failing to provide him with medical care after a car in which prison officials were transporting him was struck from behind by another car. Defendants now seek an order, pursuant to Rules 65.1-151(b) and 78-230(m) of the Eastern District Local Rules, and California Code of Civil Procedure sections 391 *et seq.*, declaring Mr. Wilson to be a vexatious litigant under federal and state law, and ordering him to post security to continue with this action. As explained below, Defendants' motion must be denied without prejudice because Defendants have not shown that the prior

action in which Mr. Wilson was declared a vexatious litigant was "based upon the same or substantially similar facts, transaction, or occurrence" as this case, Cal. Civ. Proc. Code § 391(b)(4), nor have Defendants presented sufficient evidence to permit the Court to conclude that Mr. Wilson has filed at least five litigations in the past seven years that were determined adversely to him within the meaning of section 391(b)(1).

Eastern District Local Rule 65.1-151(b) provides in relevant part that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of security, bond or undertaking . . ." The California Code of Civil Procedure defines a "vexatious litigant" as:

> a person who does any of the following:
>
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

CAL. CIV. PRO. CODE § 391(b).

Defendants contend that Mr. Wilson should be declared a vexatious litigant under section 391(b)(4) because the Superior Court of Butte County declared him a vexatious litigant in May 2002. Subsection (b)(4) "is satisfied . . . when the proceeding in which the party was declared a

2

vexatious litigant, and the proceeding in which he or she is sought to be declared a vexatious litigant in reliance on the earlier proceeding, arise from essentially the same facts, transaction or occurrence." *Devereaux v. Latham & Watkins*, 32 Cal. App. 4th 1571, 1581 (1995), *disapproved of on other grounds by Moran v. Murtahgh Miller Meyer & Nelson, LLP*, 152 P.3d 416, 418 (Cal. 2007). "This can be determined by examination of the factual circumstances that underlie the two proceedings and the pleadings." *Id.*

The Court cannot currently declare Mr. Wilson a vexatious litigant under section 391(b)(4), because Defendants have failed to submit any evidence as to the nature of the facts underlying the Butte County Superior Court case in which Mr. Wilson was declared a vexatious litigant in May 2002. Indeed, it appears that Mr. Wilson initiated the Butte County case before the transaction underlying this case even occurred: the Butte County court declared him a vexatious litigant on May 8, 2002, whereas this case involves an action that apparently took place in May of 2005. *See* Complaint, "Accident Report, at 1. The Butte County action thus does not appear to be "based upon the same or substantially similar facts, transaction, or occurrence" as this case.

Defendants also argue, in the alternative, that Mr. Wilson should be declared a vexatious litigant under section 391(b)(1). To qualify under that subsection Mr. Wilson must, "[i]n the immediately preceding seven-year period[,] ha[ve] commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to [him]." CAL. CIV. PROC. CODE § 391(b)(1). Defendants have failed to present evidence of any lawsuits brought by Mr. Wilson within the past seven years. The Court, however, has conducted an independent search of the docket for the Superior Court of Butte County, which revealed multiple dismissed actions filed by a "Melvin Lee Wilson" and a "Melvin Wilson." *See* http://www.buttecourt.ca.gov/online_index. (click on "Search the Online Case Index or display an Online Case Register of Actions," then input search criteria). Several of those actions are listed as having been brought in propria persona, and appear to have

been "finally determined adversely" to the plaintiff. *Id.* However, in the absence of evidence that the plaintiff in each of the Butte County Superior Court actions is the plaintiff in this action, the Court cannot determine whether the plaintiff in this action meets the criteria set forth in § 391(b)(1). Defendants may be able to present the necessary evidence in a re-filed motion to declare Mr. Wilson a vexatious litigant. On the current record, the Court cannot grant Defendants the relief they seek.

For the foregoing reasons, Defendants motion to declare Mr. Wilson a vexatious litigant is denied without prejudice. Defendants are granted thirty days in which to file an amended motion to declare Mr. Wilson a vexatious litigant. In the amended motion, Defendants are instructed to (1) list any previous actions, if any, filed by the plaintiff in this action within the past seven years; (2) describe the nature of those actions and indicate whether they meet the criteria set forth in § 391(b)(1); and (3) provide evidence regarding whether the plaintiff in this action is the same person as the plaintiffs in the listed actions.

DATED: August 9, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation