IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN L. WILSON,

     Plaintiff,                         Case No. 2:06-cv-00830 ALA (P)

    vs.

C/O MARTIN, et al.,

     Defendants.                  **ORDER**

_____/

     Plaintiff Melvin Wilson is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendants acted with deliberate indifference, in violation of the Eighth Amendment, when Defendants failed to treat injuries he sustained during a collision on the way to UC Davis Medical Center ("UC Davis"). The gravamen of Plaintiff's argument is that Defendants should have allowed his injuries to be assessed and treated at UC Davis instead of at Mule Creek. Plaintiff also asserts that Defendants were deliberately indifferent to his serious medical needs when they canceled his scheduled echo-cardiogram.

     On May 7, 2008, Defendants filed a Motion for Summary Judgment on the basis that Plaintiff cannot establish essential elements for an Eighth Amendment deliberate indifference claim. (Doc. 47).

I

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). "A material fact is one the that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal quotations omitted). If the moving party meets this initial burden, the non-moving party must rebut the moving party's arguments by proffering specific facts that show a genuine issue for trial exists. *Horphag Research Ltd.*, 475 F.3d at 1035.

Generally, the opposing party may not rely upon the allegations of its pleadings to establish the existence of a factual dispute. *See* Fed. R. Civ. P. 56 (e). The opposing party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. at 586. When the non-moving party is *pro se*, however, the party may rely on underlying verified documents without additional affidavits or admissible discovery material to show a genuine issue exists warranting a trial. Specifically, a court must consider all contentions tendered in a *pro se* party's opposition to the summary judgment, motions and pleadings as evidence to support his assertion that genuine issue exists, when such contentions and facts are predicated on personal knowledge and were attested to under penalty of perjury. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (holding that allegations contained in a *pro se* plaintiff's verified pleadings must be considered as evidence for purposes of summary judgment).

In deciding whether to grant the instant Summary Judgment Motion, this Court will not

engage in "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, [which] are jury functions . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Petitioner's evidence is believed, and all justifiable inferences, based on legally cognizable facts, will be drawn in his favor. *Anderson*, 477 U.S. at 255.

The instant Plaintiff proceeds *pro se*. Thus, in coming to its disposition, this Court considers contentions set forth in Plaintiff's verified Complaint as evidence. (Doc. 1). Plaintiff also filed an Opposition to Defendants' Motion for Summary Judgment. (Doc. 51). He did not, however, attest under the penalty of perjury to any of the contentions set forth in his Opposition, and therefore those arguments will not be considered as facts.

II

A

The following facts are undisputed by the parties. At all times relevant to this action, Plaintiff was an inmate at Mule Creek State Prison ("Mule Creek"), and Defendants: Martin, Villalva and Austin were employed by the California Department of Corrections and Rehabilitation ("CDCR") as correctional officers.

On May 4, 2005, Plaintiff was scheduled to receive an echo-cardiogram at UC Davis Medical Center ("UC Davis"). That day, Defendant Austin drove the vehicle that transported Plaintiff and another inmate to UC Davis. Defendant Villalva accompanied them in the vehicle, providing security during the trip. Defendant Martin followed the Plaintiff, the other inmate and the other Defendants in a separate vehicle.

Defendant Martin struck the vehicle transporting Plaintiff in rear. Defendant Austin was stopped at the intersection at the time of the collision. It is undisputed that the collision occurred at a low speed. Plaintiff claims that Defendant Martin's vehicle was traveling at approximately five-to-ten miles per hour at the time of the collision. Plaintiff claims that he was not wearing a seatbelt and that he traveled in waist, arm and leg restraints.

After the impact, Defendant Austin immediately asked Plaintiff, and the other inmate, if they sustained injuries. The parties agree that there was minimal damage to the vehicle transporting Plaintiff. Plaintiff reported that the damage to the vehicle was a six-to-ten inch crack on the lower left bumper skirt.

Defendants continued to UC Davis and pulled into the emergency room parking lot. There, Defendants re-assessed the Plaintiff's injuries and relayed the situation to their superior officers (Villalva Decl. at 2). The parties returned to Mule Creek to assess and treat Plaintiff's injuries at the Correctional Treatment Center ("CTC"). Neither party proffered evidence as to which UC Davis Medical Center Plaintiff sought treatment, or how long the delay was before Plaintiff's injuries were assessed and treated.

B

The following facts are deemed in dispute. Plaintiff contends that Defendant Martin may have collided into the vehicle transporting him because he was distracted by two attractive women crossing the intersection where they were stopped. (Doc. 1). [1] Plaintiff states that Defendant Martin tried to minimize the accident from the beginning. (Doc. 1).

Plaintiff claims that he repeatedly told Defendant Austin that he was in severe pain and required medical attention. (Doc. 1). He first told Defendant Austin of the severe pain when questioned directly after the impact, and again when they arrived at the UC Davis emergency room parking lot. (Doc. 1). Plaintiff requested to be treated at UC Davis while they were in the parking lot. (Doc. 1).

Plaintiff states in his verified Complaint that

> Defendant Martin stuck his head inside the car and informed me
> that they were not taking me into the ER. He said [w]e are taking
> you back to Mule Creek, if we take you into the E.R. you'll just

---

[1] Defendant Martin's negligent driving is not at issue. The fact that the accident that caused Plaintiff's injuries may have occurred because Defendant Martin allegedly was distracted by two attractive women crossing the intersection provide context to the question of deliberate indifference inasmuch as it may have impacted the manner in which Defendants dealt with Plaintiff's request for immediate attention to his severe pain.

4

|   |   |
|---|---|
| 1 | make a fuss that your hurt, also we are cancelling your echo- |
| 2 | cardiogram because if we take you inside you'll make a fuss to them about being injured. |

3  (Doc. 1) (internal quotations omitted).

4  In response, Plaintiff alleges that he told Defendant Martin that he was "hurt bad inside"

5  and that he needed to be examined in the UC Davis emergency room (Doc. 1, Accident Report

6  5/4/05 at 2).  Plaintiff also claims he informed Defendant Martin that he waited seven months

7  for this echo-cardiogram and that the testing was imperative in light of his previous heart attacks.

8  (Doc. 1 at 2).

9  Defendant Austin states in his declaration that Plaintiff complained of pain near his right

10 collar bone, but he appeared "OK, " and did not require immediate emergency treatment. (Austin

11 Decl. at 2, Villalva Decl. at 2).  Defendants contend they did not believe that Plaintiff's injuries

12 required immediate attention at UC Davis, and concluded the best course would be to return to

13 Mule Creek to have Plaintiff's injuries assessed at the CTC.  Defendants filed sworn declarations

14 with their Motion for Summary Judgment stating that the ultimate decision to return to Mule

15 Creek, and cancel the echo-cardiogram, was made by Mule Creek's Transportation Sergeant and

16 Watch Commander. (Villalva Decl.).

17 Plaintiff claims that when he arrived at the CTC he overheard Defendant Martin tell a

18 nurse, "don't find anything wrong with him, tell him he's OK." (Doc. 1, Accident Report 5/4/05

19 at 3).  Plaintiff's injuries were evaluated by Dr. McIntyre.  Dr. McIntyre concluded that

20 Plaintiff's pain was caused by pulled muscles.  According to Plaintiff, Dr. McIntyre did not order

21 any tests to investigate Plaintiff's severe pain. (Doc. 1, Accident Report 5/4/05 at 3).

22 Defendant Martin declares that he "made no statements to inmate Wilson or to any nurse

23 in connection with his treatment." (Martin Decl. at 2).

24 According to Plaintiff, Dr. Tortolini examined his injuries on May 9, 2005, four days

25 after the accident, and determined that Plaintiff had two cracked ribs and nerve damage. (Doc. 1

26 Supplement to Statement of 5/4/05).  Plaintiff claims that nerve damage in his neck and arm

1  causes pain in his right hand.  (Doc. 1 Supplement to Statement of 5/4/05).

## III

### A

For Plaintiff to prevail on his Eighth Amendment cause of action, he must prove that he had a "serious medical need" and that Defendants acted with "deliberate indifference" to that need.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Plaintiff can show that his medical needs were serious by demonstrating that Defendants' "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992) (*quoting Estelle*, 429 U.S. at 104).  Examples that indicate a serious medical need, include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60.

A prison official's "inadvertent [or negligent] failure to provide adequate medical care" does not in itself, however, state a claim warranting relief under 42 U.S.C. § 1983. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*quoting Estelle*, 429 U.S. at 105) (internal quotations omitted).  For Plaintiff to prove that Defendants acted with deliberate indifference to his serious medical need, he must show "(a) a purposeful act or failure to respond to [his] pain or possible medical need and (b) [the] harm caused by the indifference."  *Jett*, 439 F.3d at 1096.  Plaintiff need not show that the harm was substantial, however. *Id*. at 1096.

Plaintiff may also prove deliberate indifference by showing that Defendants "den[ied], delay[ed], or intentionally interfered with [his] medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).  Defendants' delay in providing medical treatment to Plaintiff constitutes deliberate indifference when the delay causes substantial harm.  *Shapely v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404 (9th Cir. 1985).

Here, the delay of treatment is at issue.

B

A party defeats summary judgment, and may proceed to trial, when the existence of a material fact is adequately presented. "[T]he issue of material fact . . .is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). As stated *supra*, this Court's analysis construes the facts in light most favorable to Plaintiff.

Defendants provided this Court with an account of the accident vis-a-vis declarations in support of their Summary Judgment Motion. Defendants' declarations were congruent with Plaintiff's account of the accident in terms of the sequence of events. The parties agree that the collision occurred at a low speed, the damage to the vehicle Plaintiff was transported in was minimal, and that the Plaintiff experienced pain. This Court's review of the parties versions of the correspondence regarding the extent of Plaintiff's injuries, and the conduct of the officers, are not identical, however. This Court finds these "differing version of the truth" material to the underlying question of whether the officers acted with deliberate indifference to Plaintiff's serious medical needs.

Defendants argue that Plaintiff's assertions made in his verified Complaint do not suffice to show that a genuine issues exists for trial. Defendants state, "With no evidence of the alleged deprivation, plaintiff is asking defendants, and this Court, to simply speculate." (Defs.' Mem. of P. & A. in Support of Mot. for Summ. J. at 7). This Court disagrees. As explained *supra*, this Circuit has held that a *pro se* Plaintiff may rely on verified documents to defeat summary judgment. *Jones*, 393 F.3d at 923. As such, Plaintiff's contentions in his verified Complaint are considered, and do present facts that exemplify genuine credibility issues for a jury to decide. As to Plaintiff's claim that Defendants were deliberately indifferent to the injuries he sustained,

7

Defendants have not met their initial burden because they did not tender evidence to refute the facts and contentions presented in Plaintiff's verified Complaint. The declarations, with nothing more, show that genuine issues as to the material facts do exist.  This Court cannot grant summary judgment on the basis of credibility.

Plaintiff alleges in his verified Complaint that he told Defendants that he was in serious pain several times.  Plaintiff also states that four days after the accident that Dr. Tortolini found that he sustained cracked ribs and nerve damages as a result of the accident.  Plaintiff's injuries support his expression of severe pain, which Defendants were undeniably aware of.

In support of their Summary Judgment Motion, Defendants failed to refute the validity of Plaintiff's claim that he was in severe pain as a result of his cracked ribs and nerve damage. Clearly, the Defendants could not have known that Plaintiff sustained these internal injuries. Nonetheless, Plaintiff states that he told Defendants that he was "hurt inside."  It is conceivable that a jury could find that the decision to not treat Plaintiff's injuries at UC Davis, unnecessarily delayed treatment of his injuries and severe pain.

Plaintiff presented facts in his verified Complaint support his contention that Defendants' acted with deliberate indifference.  Plaintiff asserts that Defendants sought to "cover up" an embarrassing accident where an officer who was charged to escort his fellow officers and prisoners collided into them. (Doc. 1, Supplement to Statement of 5/4/05).  Plaintiff's theory that Defendants intentionally delayed his treatment could reasonably be accepted by a jury and deemed the motive for their alleged deliberate indifference.

In this case, the accident itself is a non-issue as Defendant Martin's negligent driving is not considered for purposes of deciding whether Defendants acted with deliberate indifference. This Court may infer, however, that the Plaintiff's version of the truth as to the cause of the accident, supports the alleged exchanges between the parties and the alleged conduct of the officers that arguably exemplify Defendants alleged deliberate indifference.  Specifically, if a jury were to accept that Defendant Martin did say to Plaintiff that he was not going to allow him to be

treated at UC Davis because he would make a fuss about the accident, it is also possible that a jury would conclude that Defendants intentionally delayed or denied his request for treatment at UC Davis.  In context of the foregoing, because Defendants were cognizant of Plaintiff's pain, the decision to return to Mule Creek was more than negligent.

Defendants' declaration that their supervisors made the ultimate decision to return to Mule Creek's CTC does not absolve them of their responsibility, nor does it strip them of culpability.

> Section 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. [§] 1983.  A person "subjects" another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Even accepting Defendants' declaration as true, the facts illustrate that Defendants were active participants as to the constitutional deprivation Plaintiff presents.  Defendants were the source by which the supervisors allegedly made their decision; therefore if the source was tainted, as Plaintiff suggests, the decision to return to Mule Creek could have been the product of misinformation, and therefore presents another issue for trial.

This Court finds that summary judgment is appropriate, however, in regard to Plaintiff's claim involving the cancellation his echo-cardiogram.  Plaintiff's claim that the cancellation of his echo-cardiogram rises to the level of an Eighth Amendment violation is unsupported.  As presented *supra*, a serious medical need is one that involves the unnecessary and wanton infliction of pain.  Plaintiff's verified Complaint does not proffer evidence of a genuine issue for trial, as to this claim, because he cannot show that the echo-cardiogram was a serious medical need as prescribed by the law of this Circuit.

Based on the facts before this Court, it is inferred that the purpose of Plaintiff's echo-

cardiogram was to monitor the health of Plaintiff's heart. Even though Plaintiff informed this Court that he had two previous heart attacks and that he waited seven months for this echo-cardiogram appointment, Plaintiff did not provide this Court with evidence that the echo-cardiogram was ordered in response to a serious medical need that required attention at that moment. The fact that Plaintiff is prone to heart attacks does not in itself indicate exigent circumstances existed at that time, which resulted in actual harm. Plaintiff's position that the cancellation of the appointment could have led to his death has no bearing on this Court's decision.

Even assuming that the echo-cardiogram was ordered in connection with a substantial risk of harm to the Plaintiff, in the context of these facts, Plaintiff was in severe pain and required medical treatment to address the injuries he sustained in the car accident. The treatment of those injuries took precedent over a diagnostic exam.

Because Plaintiff has not shown that a serious medical need existed, as to this claim, it is superfluous for this Court to determine whether the Defendants' conduct rose to the level of deliberate indifference.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is granted in part, and denied in part, as follows:

1. The Motion is granted as to Plaintiff's claim that the cancellation of his echo-cardiogram rose to the level of an Eighth Amendment violation.

2. The Motion is denied as to Plaintiff's deliberate indifference claim involving Defendants' decision to return to Mule Creek's CTC to address Plaintiff's injuries.

/////

DATED: June 20, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation