1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MELVIN L. WILSON,

11              Plaintiff,              Case No. 2:06-cv-00830 ALA (P)

12        vs.

13   C/O MARTIN, et al.,

14              Defendants.        **<u>ORDER</u>**

15   _____/

16        Plaintiff Melvin Wilson is a state prisoner proceeding *pro se* with this civil rights action

17   pursuant to 42 U.S.C. § 1983.  Plaintiff contends that Defendants acted with deliberate

18   indifference, in violation of the Eighth Amendment, when Defendants failed to treat injuries he

19   sustained during a collision on the way to UC Davis Medical Center ("UC Davis").  The

20   gravamen of Plaintiff's argument is that Defendants should have allowed his injuries to be

21   assessed and treated at UC Davis instead of at Mule Creek.  Plaintiff also asserts that Defendants

22   were deliberately indifferent to his serious medical needs when they canceled his scheduled

23   echo-cardiogram.

24        On December 10, 2007, Plaintiff filed a Motion for Summary Judgment. (Doc. 30).  In

25   support of his motion, Plaintiff provides four points that he believes are undisputed and

26   necessarily support a judgment in his favor.

1

Defendants also filed a Motion for Summary Judgment on the basis that Plaintiff cannot establish essential elements for an Eighth Amendment deliberate indifference claim. (Doc. 47). This Court resolved that Summary Judgment Motion on June 20, 2008, finding that genuine issues, as to material facts, required a trial as to Plaintiff's first claim that involved the Defendants' decision to return to Mule Creek to treat Plaintiff's alleged injuries.  Necessarily, this Court denied Defendants' Motion for Summary Judgment as to that claim.  This Court granted, however, Defendants' motion as to Plaintiff's second claim that involved the cancellation of his echo-cardiogram, which he received shortly thereafter.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact."  *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).  "A material fact is one the that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal quotations omitted). If the moving party meets this initial burden, the non-moving party must rebut the moving party's arguments by proffering specific facts that show a genuine issue for trial exists. *Horphag Research Ltd.*, 475 F.3d at 1035.

Plaintiff failed to meet the required burden.  As mentioned *supra*, and set forth in the Court's Order regarding Defendants' Summary Judgment Motion, this Court finds that triable issues exist as to Plaintiff's claim that involved Defendants' decision to treat his injuries at Mule Creek's Correctional Treatment Center.

/////

/////

/////

1        IT IS HEREBY ORDERED that Plaintiff's  Motion for Summary Judgment be denied.

2    */////*

3    DATED: July 14, 2008

4                           /s/ Arthur L. Alarcón

                                UNITED STATES CIRCUIT JUDGE

5                                Sitting by Designation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26