IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN L. WILSON,

    Plaintiff,                    Case No. 2:06-cv-00830 ALA (P)

    vs.

C/O MARTIN, et al.,

    Defendants.              **ORDER**

_____/

    On July 15, 2008, the Court ordered Plaintiff to file an amended pre-trial statement on or before July 23, 2008. (Doc. 60). That same day, Plaintiff filed a request to postpone the August 26, 2008 jury trial before the undersigned. (Doc. 61). Plaintiff asked for a four-month extension in light of his surgical procedure. Defendants opposed the request arguing that Plaintiff failed to file proof to substantiate his request. (Doc. 63). This Court ordered Plaintiff to file documentation to verify his surgical procedure. (Doc. 64). Plaintiff failed to comply with or otherwise respond to the Court's order. On August 11, 2008, the Court again ordered Plaintiff to provide the requested information concerning his medical procedure by August 18, 2008. (Doc. 66). Plaintiff again failed to comply with or otherwise respond to the Court's order. On August 19, 2008, the Court issued an order vacating the August 26, 2008 trial date and directing Plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's

1

orders pursuant to Local Rule 11-110.  (Doc. 67).  Plaintiff has failed to comply with or otherwise respond to the Court's order to show cause.

A district court may dismiss an action if plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order.  Fed. R. Civ. P. 41(b); *see also Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.")..  "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions."  *Cvetkov*, 739 F.2d at 496.  The district court is not required to state explicitly in the record how it weighed these factors, however, because "dismissal is the harshest available penalty," the district court must "warn the plaintiff that dismissal is imminent."  *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991).

In this case, Plaintiff was given warning of dismissal.  When the Plaintiff failed to respond or otherwise comply with a court order directing him to file an amended pre-trial statement, (Doc. 60), he was given three more opportunities to respond to court orders.  Plaintiff failed to comply with those orders as well. Accordingly, Plaintiff has been given sufficient opportunity to prosecute as well as sufficient warning of dismissal.

Accordingly, it is HEREBY ORDERED that:

1. This case is dismissed with prejudice; and,
2. The Clerk is directed to enter judgment and close the case.

/////

DATED: August 26, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

2